IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WESLEY TODD FITTRO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:19-CV-03055-MDH |
| JASON WILKINS, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff's pro se Motion to Reinstate and Show Cause (Doc. 34), Motion for Judgment (Doc. 38), and Motion for Order to Show Cause (Doc. 40). On December 30, 2019, this Court entered an order terminating Defendants Usser and Walker for Plaintiff's failure to serve defendants within the time allotted under Fed. R. Civ. P. 4(m) and did not show good cause for his failure. (Doc. 22).

Plaintiff's instant Motion only mentions defendant Dr. Jason Wilkins. On June 18, 2019, the Court entered an order dismissing Plaintiff's Complaint as to Dr. Wilkins without prejudice. (Doc. 20). In that order, the Court, sitting in diversity, applied the relevant Missouri law. RSMo. § 538.225.1 states:

> In any action against a health care provider for damages for personal injury…on account of the rendering of or failure to render health care services, the plaintiff …shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition."

RSMo. § 538.225 requires a plaintiff to file such an affidavit within 90 days of filing his or her complaint. Plaintiff filed his complaint on February 12, 2019, and did not file any affidavit by the time of the June 18, 2019 order. Deadline aside, Plaintiff still has not filed an appropriate affidavit that would allow the Court to consider reopening this case.

Plaintiff's Motions all state incorrectly that the Court dismissed the case against Dr. Wilkins after a show cause order ordering Plaintiff to show why he was not served. His arguments that service on Dr. Wilkins was unlawfully withheld or otherwise opposed are irrelevant to this case.

He further states in part that, "[t]his came after a series of misconducts with court staff Linda Howard…" and "Linda Howard Deputy Clerk abused her [p]ower by dismissing Dr. Wilkins [sic] without fail." Plaintiff is advised that Courtroom Deputy Linda Howard does not exercise any decision-making authority but merely carries out decisions made by the undersigned.

This case was dismissed due to Plaintiff's failure to file the appropriate affidavit to satisfy RSMo. § 538.225.1. Therefore, Plaintiff's arguments in his Motions as to the service of Dr. Wilkins are inapplicable to this case. Because Plaintiff has not advanced any other legal argument in his Motions, the Motions to Reinstate and Show Cause (Doc. 34), Judgment (Doc. 38), and Show Cause (Doc. 40) are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 26, 2021  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**